## Lehman License

*George R. Johnson*, for appellants.

*James J. Phelan, Jr.*, Special Assistant Attorney General, for Liquor Control Board.

SWENEY, P. J., October 19, 1965.—This matter is before the court en banc upon the motion of the Pennsylvania Liquor Control Board to quash the appeal because it was filed eight days after the statutory period.

The facts are that Carl J. Lehman and Ruth E. Lehman, his wife, operate Carl Lehman's Tavern, at 400

Lincoln Avenue, Prospect Park, Pa.; that, on September 30, 1963, the Liquor Control Board issued a citation to the Lehmans to show cause why their license should not be revoked, charging frequenting by, and sales to, minors; that, on March 24, 1964, a hearing was held and, on February 9, 1965, the board issued an order suspending the license for 10 days.

On March 8, 1965, an appeal was allowed by this court, Catania, J. The petition for the appeal avers that "neither they nor their agents are guilty of the offense charged and that at said hearing before the Board there was no sufficiently credible evidence of their guilt."

On March 15, 1965, upon motion of counsel for the Liquor Control Board, this court, Catania, J., allowed a rule to show cause why this appeal should not be quashed, as it had been filed eight days after the 20-day statutory time. Licensees answered this petition and under new matter allege that, on February 16, 1965, they offered to compromise in lieu of suspension and on February 24, 1965, they were notified the offer had been refused.

Licensees contend that they had 20 days from February 24, 1965, to appeal. With this contention, we cannot agree. An offer to compromise is an admission of the rightness of the findings of the board. Nevertheless, appellants knew five days before the expiration of the time for appeal that their offer of compromise had been rejected and, by prompt action, could have filed their appeal on time.

We see no reason why appellants should be permitted to file their appeal nunc pro tunc.

### DECREE

And now, October 19, 1965, it is ordered and decreed that the motion to quash is sustained; the appeal is quashed; appellants are granted an exception.